[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant has moved for summary judgment on the ground the plaintiff's dental malpractice claim is barred by the two-year and three-year limitation periods set forth in General Statutes 52-584. Plaintiff contests the motion on the ground there are genuine issues of material fact as to the applicability of these limitation periods. For the reasons stated below, the motion for summary judgment is denied.
This court's function in deciding a motion for summary judgment is to discern whether a genuine issue of material fact exists. If no such issue exists, this court should decide the case. If such an issue exists, this court should deny the motion and allow the parties to resolve the issue or issues at trial.
Plaintiff seeks damages for injuries to his teeth and mouth allegedly caused by defendant's rendering inadequate dental care. Defendant rendered treatment to plaintiff from 1978 through June 26, 1986. Among other things, defendant installed and maintained bridgework in plaintiff's mouth. From the affidavit submitted by the plaintiff, it appears that plaintiff complained of problems with the bridgework. Whenever plaintiff complained, he was told by defendant that the problems were normal and to be expected and that there were no problems with the natural teeth. In 1987, plaintiff sought other dental care and learned for the first time that defective bridgework allowed the build up of decay beneath the bridgework and that this condition created serious dental problems. The affidavits of two dental specialists show that defendant had a continuing duty to CT Page 3497 provide appropriate dental care and treatment to plaintiff, that poorly installed and maintained bridgework caused decay under the bridgework, that defendant failed to diagnose the condition, that the failure to provide proper care and treatment during the patient-dentist relationship, including the last visit on June 26, 1986, created serious dental problems which necessitated periodontal care, and that defendant's mistreatment violated the standards of care applicable to the practice of dentistry.
The two-year limitation period requires the plaintiff to bring suit within two years of his discovering actionable harm. While the plaintiff knew for a considerable period of time that he had problems with his bridgework, the plaintiff did not, according to the affidavits which the plaintiff has submitted, know that the problematical bridgework caused the injuries until June 10, 1987, when he consulted with Dr. Mark Conlon, D.M.D. The plaintiff commenced this law suit with a return date of June 21, 1988, which falls within the two-year limitation period. Thus, the affidavits show that there exists a genuine question about when the plaintiff discovered, or in the exercise of reasonable care should have discovered, the causal connection between the injuries to his mouth and the defendant's negligent conduct.
The three-year limitation period provides that no action may be brought more than three years from the date of the act or omission complained of. The plaintiff contends this limitation period was tolled for two reasons. First, he claims defendant's wrongful conduct continued until June 26, 1986, when plaintiff stopped receiving treatment from defendant. Second, plaintiff claims defendant fraudulently concealed information concerning plaintiff's claim and thus prevented plaintiff from bringing earlier suit. The documentary evidence submitted by the plaintiff, which has already been summarized, shows that there is a genuine question about the tolling of the statute of limitations.
The motion for summary judgment is denied.
THIM, JUDGE CT Page 3498